UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VISUAL DYNAMIX, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25 CV 792 CDP |
| ) | |
| ONCURA PARTNERS ) | |
| DIAGNOSTICS, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

In this removed case, plaintiff brings a sole claim for breach of contract against defendant for failure to accept and pay for microscopes ordered by defendant. The state-court petition pleads that the microscopes were ordered by defendant via purchase order dated May 30, 2024, "in connection with" an agreement entered into between the parties with an effective date of June 1, 2024. ECF 8 at 2. That purchase order, denominated Purchase Order 1445, is not attached as an exhibit to the petition.

Defendant moves to dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) as barred by Missouri's statute of frauds, arguing there is no sufficient writing memorializing the purchase order at issue.[1] According to

---

[1] Since the existence of Purchase Order 1445 was pleaded in the petition, defendant was permitted to attach it as an exhibit to its dismissal motion. It appears in the docket as ECF 10-2.

defendant, Purchase Order 1445 is not governed by the agreement pleaded in the petition because it predates the agreement by two days, and it is not a sufficient writing on its own to satisfy the statute of frauds because it is unsigned.  Finally, defendant claims that even if the agreement governed Purchase Order 1445, plaintiff breached the agreement by not timely delivering the microscopes.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion, I assume that the allegations in the complaint are true, and I construe the complaint in plaintiff's favor.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  I am not bound to accept as true, however, a legal conclusion couched as a factual allegation.  *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The factual allegations must be sufficient "to raise a right to relief above the speculative level."  *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). More than labels and conclusions are required.  *Twombly*, 550 U.S. at 555.  A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Having reviewed the allegations of the petition in light of the relevant standards, defendant's motion to dismiss must be denied. Contrary to defendant's argument, it has not demonstrated that plaintiff has not stated a claim for relief or that Purchase Order 1445 cannot satisfy the statute of frauds. Because this sale of goods exceeds five hundred dollars[2] Missouri's statute of frauds requires "some writing to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." Mo. Rev. Stat. § 400.2–201(1). "Signed" in this context "includes using any symbol executed or adopted with present intention to adopt or accept a writing." Mo. Rev. Stat. § 400.1–201(37). This can include a billhead or letterhead. *Id.* at Cmt. No. 37.

Purchase Order 1445 was sent to plaintiff by defendant and prominently displays defendant's company logo at the top. ECF 10-2. It also provides defendant's business address as the shipping address.[3] *Id.* Although Purchase Order 1445 bears two blank lines which say "Approved By" and "Date," those lines do not indicate whether the signature and date lines are intended to be executed by defendant or plaintiff. *Id.* Given that Purchase Order 1445 was sent by defendant to plaintiff and bears its company logo on the letterhead, the Court

---

[2] The microscopes ordered in Purchase Order 1445 total $132,800.

[3] Although defendant denies that this purchase order was executed in accordance with the parties' agreement, the price defendant lists for the microscopes is consistent with the purchase price agreed upon by the parties in that agreement.

cannot conclude at this juncture that it is insufficient to support plaintiff's claim for relief. Defendant's remaining arguments with respect to the agreement between the parties and the timeliness of delivery are not capable of resolution on a motion to dismiss.[4] Whether or not plaintiff can ultimately prevail on its claim is not properly before me at this time. Defendant's motion to dismiss must be denied as plaintiff is entitled to conduct discovery in support of its claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [9] is denied.

This case will be set for a scheduling conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2025.

---

[4] For example, plaintiff contends that other purchase orders which predate the agreement were filled by plaintiff and paid for by defendant under the terms of this agreement. Plaintiff also argues that defendant specifically requested the delay in delivery of microscopes ordered under Purchase Order 1445. These factual issues are not properly before me on a motion to dismiss.